# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
# COURT FILE NO.: CV-_____

| | |
|---|---|
| Lynda Fisher, <br><br> Plaintiffs, <br><br> vs. <br><br> Lighthouse Recovery Associates, LLC, <br><br> Defendants. | **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Lynda Fisher (hereinafter "Plaintiff") is a natural person residing in the County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Lighthouse Recovery Associates, LLC (hereafter "Lighthouse" or "Defendant"), upon information and belief, is a foreign limited liability company that operates as a debt collection agency from an address of 11551 E. Arapahoe

Road, Suite 150, Centennial, CO 80112.  Lighthouse is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Plaintiff allegedly incurred a financial obligation with CMG Group, who is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

7. The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

8. Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff sometime prior to October of 2009.

9. On or about October 1, 2009 and continuing through February 2, 2010, Yolanda Miller, who was employed by Defendant Lighthouse at all times relevant herein, communicated with Plaintiff by leaving multiple voicemail messages in an attempt to collect this debt.  Each of these communications was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(6).

10. In these voicemail messages, Ms. Miller failed to identify the name of the company that she worked for and failed to state the purpose of the telephone call in violation of 15 U.S.C. § 1692e, § 1692e(11), § 1692d and § 1692e(6).

11. Each of the more than one dozen voicemails left by Ms. Miller followed a similar script, for example:  "This message is for Lynda Fisher.  Ms. Fisher, this is

2

        Yolanda Miller, please call 866-520-1240, extension 2865. Please reference account number 252650."

12. On or about December 30, 2009, after Defendant had contacted Plaintiff, and again on or about January 29, 2010, Ms. Miller contacted Plaintiff's friend, Susan Howard, and asked Ms. Howard to give a message to Plaintiff.

13. In these telephone contacts with Susan Howard, Ms. Miller disclosed information about Plaintiff to a third party in violation of §1692b(2), and § 1692b(3).

14. Because Ms. Miller contacted Ms. Howard after Defendant was already in possession of location information, such contacts were in violation of § 1692b.

### Respondeat Superior Liability

15. The acts and omissions of Defendant's employee, who was employed as an agent by Defendant Lighthouse, and who communicated with Plaintiff as more fully described herein, were committed within the time and space limits of her agency relationship with her principal, Defendant Lighthouse.

16. The acts and omissions by Defendant's employee were incidental to, or of the same general nature as, the responsibilities the agent was authorized to perform by Defendant Lighthouse in collecting consumer debts.

17. By committing these acts and omissions against Plaintiff, Defendant's employee was motivated to benefit his principal, Defendant Lighthouse

18. Defendant Lighthouse is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions

done in violation of state and federal law by its collection employee(s), including but not limited to violations of the FDCPA and Minnesota law, in its attempts to collect this alleged debt from Plaintiff.

## TRIAL BY JURY

19. Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

20. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

21. The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 et. seq.

22. As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

23. As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

24. As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

## COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;

- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;

- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;

- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial; and

## SUCH OTHER RELIEF

- For such other and further relief as may be just and proper.

Dated:  February 2, 2010.            WEIG LAW FIRM, LLC


                                     By:   s/Paul H. Weig
                                           Paul H Weig
                                           Attorney for Plaintiff
                                           Attorney I.D. No.:0288792
                                           3101 Irving Avenue South
                                           Minneapolis, Minnesota 55408
                                           Telephone: 612-501-4841